# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LARRY VINCENT FERRELL,**

    **Plaintiff,**

    v.

**Civil Action 2:10-cv-1138**
**Judge Algenon L. Marbley**
**Magistrate Judge Elizabeth P. Deavers**

**SHERIFF GEORGE LAVENDER, JR., et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Larry Vincent Ferrell, an Ohio inmate in state custody who is proceeding without the assistance of counsel, brings this civil rights action under 42 U.S.C. § 1983 against Sheriff George Lavender, Jr. and Ross County Jail medical staff members Dr. Richard Harris and Nurse Krista Wooten (collectively "Defendants"). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. This matter is before the United States Magistrate Judge for a Report and Recommendation on Defendants' Motion for Summary Judgment. (ECF No. 17.) For the reasons stated below, the undersigned **RECOMMENDS** that the Court **GRANT** Defendants' Motion.

# I. BACKGROUND

Plaintiff was arrested and booked into Ross County Jail ("Ross") on August 28, 2010. He remained at Ross until October 2011, when he was transferred to Pickaway Correctional Institution. According to Plaintiff, during his incarceration at Ross, Defendants Harris and Wooten demonstrated deliberate indifference to his serious medical needs, which included diabetes and a fractured finger. Defendants Harris and Wooten provided medical care to Plaintiff from August 2010 through November 2010, until Premiere Correctional Medical Services began providing medical care at Ross. Between August 28, 2010 and December 2010, Plaintiff filed eighteen requests and nineteen grievances concerning a variety of issues. He did not, however, file a single appeal.

Plaintiff filed the instant action on December 17, 2010. In addition to asserting medical indifference claims under § 1983, it appears that Plaintiff seeks to bring claims pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and also a state-law medical malpractice claim.

On June 22, 2012, Defendants filed the subject Motion for Summary Judgment. (ECF No. 17.) Defendants contend that Plaintiff's § 1983 claims are barred because he failed to exhaust his administrative remedies. Alternatively, Defendants assert that they are entitled to summary judgment on these claims because Plaintiff has not alleged personal involvement by Defendant Sheriff Lavender, and because Defendants Harris and Wooten were not deliberately indifferent to Plaintiff's serious medical needs. Defendants further posit that dismissal of Plaintiff's HIPAA claims is appropriate because there is no private right of action under HIPPA. Finally, Defendants submit they are entitled to judgment on Plaintiff's state-law medical malpractice claim because he has offered no evidence of the standard of care. Plaintiff has not

responded to Defendants' Motion.

## II. SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, No. 10–3110, 2011 WL 4469612, at *3 (6th Cir. Sept. 28, 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts. [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

# III. ANALYSIS

The Court first addresses Defendants's arguments in favor of summary judgment with regards to Plaintiff's § 1983 medical indifference claims before turning to Plaintiff's HIPPA and state-law malpractice claims.

## A. Medical Indifference Claims

Defendants first argue that the Court should dismiss Plaintiff's § 1983 medical indifference claims because he failed to exhaust his administrative remedies. Because the undersigned concludes that Defendants have properly raised and proven this affirmative defense, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's medical indifference claims **WITHOUT PREJUDICE**.

Under 42 U.S.C. § 1997e(a), as amended by Prison Litigation Reform Act ("PLRA"), "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010);

*Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures").

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . .'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones*, 549 U.S. at 216). Defendants bear the burden of proof on the affirmative defense of exhaustion. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citations omitted) ("[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants."). "Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 455.

Ross's current grievance procedure is embodied in its Policy and Procedures Manual and has been in place since before Plaintiff's arrival. The grievance procedure is readily accessible to all inmates as it is posted on inmate kiosks throughout the jail. The procedure consists of two separate steps: a grievance and an appeal.[1] To complete a request, grievance, or appeal, the inmate fills out a form and is required to indicate with a check-mark on the appropriate line whether they are filing a request, grievance, or appeal. To properly utilize the grievance procedure, an inmate must first file a grievance. The Jail Administrator then reviews and investigates the grievance, resolving it if possible. The Jail Administrator notes the decision on the bottom of the form and returns it to the inmate. If the inmate is not satisfied with the Jail Administrator's decision, he must file an appeal to the Sheriff within five days, excluding weekends and holidays. The appeal form is identical to that of the grievance form, except the

---

[1]Additionally, inmates may file a request, which is not considered to be part of the grievance procedure.

5

line labeled "Appeal" must be marked by the inmate. The Sheriff then renders a decision within ten days of receiving the appeal and notes the decision on the bottom of the appeal form. (*See* Ross County Sheriff's Office Policy and Procedure Manual Corrections Division § 50006.3, ECF No. 17-1.)

The undersigned concludes that Defendants have satisfied their burden of proving that Plaintiff failed to exhaust his administrative remedies with regard to his § 1983 claims. Defendants submitted the Affidavit of Mike Preston, a Sergeant in the Ross County Sheriff's Office, in which he represents that Plaintiff did not file any appeals between his arrival and the filing of the instant action. (Preston Aff. ¶ 10, ECF No. 17-1.) Plaintiff has not disputed Mr. Preston's representation. Accordingly, the undersigned **RECOMMENDS DISMISSAL** of Plaintiff's § 1983 medical indifference claims **WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.") The conclusion that Plaintiff failed to exhaust his administrative remedies obviates the need for consideration of Defendants' alterative bases for summary judgment on these claims.

**B.     HIPAA & State-Law Claims**

Defendants correctly assert that to the extent Plaintiff seeks to bring claims under HIPAA, he lacks standing. HIPAA creates neither an express nor an implied cause of action for private citizens to enforce its terms. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) (finding that it lacked federal subject matter jurisdiction over plaintiff's claims alleging violations of HIPAA because HIPAA confers no private cause of action); *accord Siegler v. Ohio State Univ.*, No. 2:11–cv–170, 2011 WL 1990570, at *8 (S.D. Ohio May 23, 2011); *Henry v. Ohio Victims of*

*Crime Comp. Prog.*, No. 2:07–cv–0052, 2007 WL 682427, at *2 (S.D. Ohio Feb. 28, 2007). Rather, HIPAA expressly limits enforcement of the statute to the Secretary of Health and Human Services. *Acara*, 470 F.3d at 571 (citing 42 U.S.C.§§ 1320d-5, d-6); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010). Accordingly, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's HIPAA claims.

Finally, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law medical malpractice claim pursuant to 28 U.S.C. § 1367(c)(3). Dismissal of Plaintiff's federal claims would not divest this Court of subject-matter jurisdiction. Instead, when a federal court dismisses "all claims over which it has original jurisdiction," it must then exercise its discretion to determine whether to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit has held that "[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations marks and citation omitted).

## IV. DISPOSITION

For the reasons set forth above, the undersigned concludes that Plaintiff has not raised a question of a material fact on the affirmative defense of failure to exhaust administrative remedies. Thus, with regard to Plaintiff's § 1983 medical indifference claims, it is **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED** and Plaintiff's medical indifference claims be **DISMISSED WITHOUT PREJUDICE**. (ECF No. 17.) It is further **RECOMMENDED** that Plaintiff's HIPAA claims be **DISMISSED** for lack of standing. Finally, it is **RECOMMENDED** that the Court **DECLINE** to exercise supplemental

jurisdiction over Plaintiff's remaining state-law medical malpractice claim, **DISMISSING** this claim **WITHOUT PREJUDICE**.

## V. PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: October 26, 2012                     /s/ *Elizabeth A. Preston Deavers*
                                                                                   Elizabeth A. Preston Deavers
                                                                                  United States Magistrate Judge